IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ERIC COBB, individually and on behalf of other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DEERFIELD ROADSIDE, LLC, and CAROLE ANNE HICE, individually,<br><br>Defendants. | Case No.: |

## **COMPLAINT & DEMAND FOR JURY TRIAL**

Plaintiff, ERIC COBB, individually and on behalf of other similarly situated (hereinafter "Plaintiff"), by and through the undersigned attorney, sues the Defendants, DEERFIELD ROADSIDE, LLC, and CAROLE ANNE HICE, individually, (collectively referred to as "Defendants"), and alleges as follows:

## **INTRODUCTION**

1. This is an action by the Plaintiff against his former employers for overtime wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 206 and 29 U.S.C. § 216(b) (the "FLSA"), and any other relief available.

2. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

## PARTIES

3. During Plaintiff's employment with Defendants, he served as a roadside technician and performed related activities in DeKalb County, Georgia.

4. Defendant, DEERFIELD ROADSIDE, LLC, is a Georgia Corporation which operates and conducts business in several counties including DeKalb County, Georgia, and is therefore within the jurisdiction of this Court.

5. Defendant, CAROLE ANNE HICE, is a corporate officer of, and exercised operational control over the activities of, corporate Defendant, DEERFIELD ROADSIDE, LLC, and resides in the State of Georgia. This Court has personal jurisdiction over this Defendant because said Defendant is a resident of the State of Georgia.

## JURISDICTION

6. This action arises under the FLSA, 29 U.S.C. §210, *et. seq.* The Court has jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 206 and 29 U.S.C. § 216(b).

## VENUE

7. The venue of this Court over this controversy is proper based upon the claim arising in the DeKalb County, Georgia.

## FACTS

8. Defendants employed Plaintiff at their business within the relevant time period (2014 – 2017).[1]

9. Plaintiff worked for Defendants without being paid the correct overtime premium rate of time and one-half his regular rate of pay for all hours worked in excess of forty (40) hours within a work week.

10. Specifically, Defendants paid overtime hours worked in excess of forty (40) hours within a work week at the regular rate of pay for all hours.

11. Defendants each controlled and/or were responsible for the work of Plaintiff.

12. Plaintiff worked as a "service technician" for Defendants and performed related activities in DeKalb County, Georgia.

13. In this capacity, Plaintiff was responsible for performing, including, but not limited to: (a) perform basic diagnostic procedures and repairs; (b) tow

---

[1] All references to material times relevant to this action shall mean to encompass from 2014 through 2017.

disabled vehicles; and (c) recharge batteries, change tires, and disengage locks on vehicles.

14. Plaintiff worked for the Defendants from approximately November 2015 – Present.

15. During the relevant time period, Plaintiff was paid a salary at $525 per week.

16. Plaintiff was not paid proper overtime wages for all hours worked on a weekly basis throughout the period when he was paid a salary.

17. Despite working more than forty (40) hours per week, Plaintiff was not paid all compensation for hours worked over forty (40) hours within a work week during several weeks of employment.

18. Defendants were aware of the overtime hours worked.

19. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

## COVERAGE

20. At all material times relevant to this action, Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

21. At all material times relevant to this action, Defendants made gross earnings of at least $500,000 annually.

22. At all material times relevant to this action, Defendants accepted payments from customers based on credit cards issued by out-of-state banks, nationwide.

23. At all material times relevant to this action, Defendants routinely ordered materials, merchandise, products, and supplies from out-of-state vendors and/or entities (i.e., battery chargers, gasoline tanks, and tire service tools, etc.).

24. At all material times relevant to this action, Defendants had two (2) or more employees engaged in commerce, handling or otherwise working on materials that have been moved in or produced for commerce (i.e., battery chargers, gasoline tanks, and tire service tools, etc.).

25. At all material times relevant to this action, Plaintiff was individually engaged in commerce during his employment with Defendants, by travelling on interstate highways and assisting customers with their interstate travel through interstate highways.

## COLLECTIVE/CLASS ALLEGATIONS

26. Plaintiff and the class members performed the same or similar job duties as one another for Defendants in that they provided road side service.

27. Further, Plaintiff and the class members were subjected to the same pay provisions in that they were **paid a salary** and not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

28. Thus, the class members are owed overtime compensation for the same reasons as Plaintiff.

29. Defendants' failure to compensate employees for hours worked in excess of forty (40) hours in a workweek as required by the FLSA results from a policy or practice of failure to assure that roadside technicians were paid for all overtime hours worked based on the Defendants' failure to credit the roadside technician with all hours worked.

30. This policy or practice was applicable to Plaintiff and the class members.

31. Application of this policy or practice does not depend on the personal circumstances of Plaintiff or those joining this lawsuit, rather the same policies or

practices which resulted in the non-payment of overtime to Plaintiff also apply to all class members.

32. Accordingly, the class members are properly defined as:

> **All roadside technicians who worked for Defendant, DEERFIELD ROADSIDE, LLC, within the last three (3) years and who were paid a salary and not compensated at time and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.**

33. The precise size and identity of the class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

34. The exact number of members of each class can be determined by reviewing Defendants' records. Plaintiff, under information and belief, is informed there are numerous of eligible individuals in the defined class.

35. Defendants failed to keep accurate time and pay records for Plaintiff and all class members pursuant to 29 U.S.C. § 211(c) and 29 C.F.R. Part 516.

36. Defendants were aware of the requirements of the FLSA yet it acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

37. Plaintiff has hired the undersigned law firm to represent him in this matter and is obligated to pay them reasonable attorneys' fees and costs if they prevail.

38. The claims under the FLSA may be pursued by others who opt-in to this case pursuant to 29 U.S.C. § 216(b).

39. A collective action suit, such as the underlying, is superior to other available means for fair and efficient adjudication of the lawsuit. The damages suffered by individual members of the class may be relatively small when compared to the expense and burden of litigation, making it virtually impossible for members of the class to individually seek redress for the wrongs done to them

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST DEERFIELD ROADSIDE, LLC

40. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 39 above.

41. Plaintiff is entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

42. During Plaintiff's employment with Defendant, DEERFIELD ROADSIDE, LLC, Plaintiff worked overtime hours but was not paid time and one-half his regular rate of pay for the same during several weeks.

43. As a result of Defendant's, DEERFIELD ROADSIDE, LLC, intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) hours per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

44. Defendant, DEERFIELD ROADSIDE, LLC, became aware that its salary provisions for its roadside technicians did not satisfy the overtime requirements of the FLSA in 2016.

45. Defendant, DEERFIELD ROADSIDE, LLC, change its roadside technician pay to a system based on a set amount per job and began paying additional overtime compensation.

46. However, DEERFIELD ROADSIDE, LLC, did not pay any back overtime pay to its roadside technicians.

47. Defendant, DEERFIELD ROADSIDE, LLC, neither maintained nor kept accurate time records as required by the FLSA for Plaintiff.

48. Also, Defendant, DEERFIELD ROADSIDE, LLC, failed to post required FLSA informational listings as required by law.

49. As a result of Defendant's, DEERFIELD ROADSIDE, LLC, willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

# COUNT II
## RECOVERY OF OVERTIME COMPENSATION
## AGAINST CAROLE ANNE HICE

50. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 – 39 above.

51. Defendant, CAROLE ANNE HICE, is the Owner and President of DEERFIELD ROADSIDE, LLC.

52. Defendant, CAROLE ANNE HICE, is an Owner who acted with direct control over the work, pay, and job duties of Plaintiff.

53. Defendant, CAROLE ANNE HICE, had the power to hire and fire Plaintiff.

54. Defendant, CAROLE ANNE HICE, supervised and controlled Plaintiff's work schedule, job duties and responsibilities, and/or conditions of employment.

55. Defendant, CAROLE ANNE HICE, determined Plaintiff's rate and method of payment.

56. Defendant, CAROLE ANNE HICE, maintained employment records.

57. Defendant, CAROLE ANNE HICE, determines DEERFIELD ROADSIDE, LLC's overtime policies.

58. As such, Defendant, CAROLE ANNE HICE, is charged with the responsibility for violations of Plaintiff's rights to overtime and resulting damages.

**WHEREFORE**, Plaintiff, ERIC COBB, individually and on behalf of other similarly situated demands judgment against DEERFIELD ROADSIDE, LLC, and CAROLE ANNE HICE, individually, for the payment of all unpaid wages, overtime hours at time and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

*/s/ Carlos V. Leach*
Carlos V. Leach, Esq.
Ga. Bar No.: 488443
**MORGAN & MORGAN, P.A.**
191 Peachtree Street, N.E., Suite 4200
Post Office Box 57007
Atlanta, Georgia 30343-1007
Main:      (404) 965-8811
Facsimile: (404) 965-8812
E-mail:    CLeach@forthepeople.com
***Attorneys for Plaintiff(s)***